UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DENNIS J. FREEMAN,

        Petitioner,

v.                                               Case No. 5:02-cv-346-Oc-10GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS, et al.,

        Respondents.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### **Procedural History**

On April 13, 1989, Petitioner entered a plea of no contest in Marion County, Florida, to three counts of burglary, two counts of grand theft, one count of forgery and one count of uttering a forged instrument. Petitioner received a total sentence of 40 years as a habitual offender. Petitioners' convictions and sentences were affirmed on appeal on April 17, 1990.

On May 4, 1992, Petitioner filed a motion for post conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. That motion was summarily denied on July 21, 1992. The Order denying Petitioner's Rule 3.850 motion was affirmed on appeal on September 8, 1992. There were no further court proceedings for the next five years.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. That act provided a one-year time limit for filing a federal habeas petition for state prisoners. Because Petitioner's conviction became final prior to the effective date of AEDPA, Petitioner had until April 23, 1997 to file his habeas Petition. Petitioner failed to file a federal habeas petition with this time period.

On November 10, 1997, Petitioner filed a motion to correct illegal sentence under Rule 3.800 of the Florida Rules of Criminal Procedure. Petitioners' motion was denied on December 4, 1997.

On February 27, 1998, Petitioner filed a second motion for post conviction relief under Rule 3.850. Petitioners' motion was denied on March 6, 1998 and that Order was affirmed on appeal on April 7, 1998.

On April 17, 2000, Petitioner filed a third Rule 3.850 motion. A hearing on that motion was held on June 14, 2000 in the trial court. Afterwards, Petitioner's third motion was granted in part and Petitioner's sentence was reduced from a total sentence of 40 years to a total sentence of 30 years.

On March 20, 2002, Petitioner filed a second Rule 3.800 motion to correct illegal sentence. That motion was denied as successive on June 25, 2002. Petitioner appealed, but the denial of his Rule 3.800 motion was affirmed on appeal on August 9, 2002. The instant Petition was filed on November 14, 2002.

## Claims of Petition

Petitioner asserts that he is being denied due process and equal protection

because the state improperly enhanced his sentence under the habitual offender guidelines.

## Timeliness of Petition

Because the Petition was filed within one-year of Petitioner's resentencing,[1] and Petitioner challenges that sentence, the Respondents concede that the Petition was timely filed under 28 U.S.C. § 2244(d)(1).[2]

## Exhaustion/Procedural Bars

Petitioner has properly exhausted this issue in the courts of the State,[3] and there are no procedural bars that would otherwise preclude federal review of this claim.[4]

## Evidentiary Hearing

For the reasons stated herein, Petitioner is not entitled to an evidentiary hearing.[5] The pertinent facts of the case are fully developed in the record before the

---

[1] See Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000) (when a petition challenges the judgment of a resentencing court, the statute of limitations runs from the date of the resentencing judgment and not the original judgment).

[2] Response to Petition (Doc. 6) at 6.

[3] Petitioner alleged he was illegally sentenced as a habitual offender on direct appeal of his original sentence (Appendix (Doc. 7) at Ex. XII), in his first Rule 3.850 motion for post conviction relief (Ex. XVII), in his first Rule 3.800 motion to correct illegal sentence (Ex. XX), in his second Rule 3.850 motion (Ex. XXII), in his third Rule 3.850 motion (Ex. XXV), and in his second Rule 3.800 motion (Ex. XXXII).

[4] See 28 U.S.C. § 2254(b); see also Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner.").

[5] Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999).

Court.[6]  No additional evidentiary proceedings are required.[7]

## **Merits of Claim**

For the reasons stated by the Respondents in their Response to the Petition (Doc. 6), Petitioner does not raise an issue of Constitutional error.[8]  Although couched as a due process and equal protection claim, Petitioner is actually arguing that the state failed to properly apply its own habitual offender guidelines.  The Florida State courts have repeatedly considered and rejected Petitioner's claim.[9]  Because it is not the province of this Court to "reexamine state-court determinations on state-law questions,"[10] Petitioner's claim is not cognizable on federal habeas review.[11]

---

[6] Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992).

[7] High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)) cert. denied, 121 S.Ct. 1237 (2001).

[8] See 28 U.S.C. § 2254(a) (a federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treatises of the United States); see also Llamas-Almaguer v. Wainwright, 666 F.2d 191, 193(5th Cir. 1982) (questions of state law cannot be raised on federal habeas review); Harmon v. Barton, 894 F.2d 1268, 1276 (11th Cir. 1989) ("mere errors of state law are not the concern of [a federal] Court unless they rise for some reason to the level of a denial of rights protected by the United States Constitution"); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (a habeas petition based on issues of state law does not provide a basis for habeas relief even when couched as equal protection and due process claims) (citations and quotations omitted)

[9] See note 3, infra.

[10] See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-480 (1991).

[11] Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983) (a state's interpretation of its own laws does not provide a basis for federal habeas relief).

## Conclusion

For the reasons set forth in this order, the Petition for Writ of Habeas Corpus Pursuant to § 2254 is **DENIED with prejudice**.[12]  The clerk is directed to enter judgment denying the petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 4th day of October 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

c:   Dennis J. Freeman
     Counsel of Record

---

[12] To the extent that the Petitioner alleges that the courts of the state failed to properly review his state court filings, those claims are not cognizable on federal habeas review for the same reasons.